AO 472 (Rev. 3/86) Order of Detention Pending Trial

~~FILED~~

# UNITED STATES DISTRICT COURT

EASTERN _____ District of _____ MISSOURI

JUN 2 2 2005

U. S. DISTRICT COURT
EASTERN DISTRICT OF MO
CAPE GIRARDEAU

UNITED STATES OF AMERICA
V.
KEITH L. McFERREN
*Defendant*

**ORDER OF DETENTION PENDING TRIAL**

Case Number: 1:05CR 68 RWS

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

## Part I—Findings of Fact

☐ (1) The defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1) and has been convicted of a ☐ federal offense ☐ state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed that is
  ☐ a crime of violence as defined in 18 U.S.C. § 3156(a)(4).
  ☐ an offense for which the maximum sentence is life imprisonment or death.
  ☐ an offense for which a maximum term of imprisonment of ten years or more is prescribed in _____.*
  ☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f)(1)(A)-(C), or comparable state or local offenses.
☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.
☐ (3) A period of not more than five years has elapsed since the ☐ date of conviction ☐ release of the defendant from imprisonment for the offense described in finding (1).
☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an) other person(s) and the community. I further find that the defendant has not rebutted this presumption.

### Alternative Findings (A)

X (1) There is probable cause to believe that the defendant has committed an offense
  X for which a maximum term of imprisonment of ten years or more is prescribed in   21 U.S.C. § 841(b)(1)(B)  .
  ☐ under 18 U.S.C. § 924(c).
X (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### Alternative Findings (B)

X (1) There is a serious risk that the defendant will not appear.
X (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

## Part II—Written Statement of Reasons for Detention

I find that the credible testimony and information submitted at the hearing establishes by clear and convincing evidence that the release of the defendant on bond would constitute a danger to the community. The court further finds by a preponderance of the evidence that the release of the defendant on bond would present a risk of non-appearance. Defendant poses a danger to the community and a risk of non-appearance if released for the following reasons: SEE ATTACHED PAGES.

## Part III—Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

June 22, 2005
Date

*Signature of Judicial Officer*

LEWIS M. BLANTON, UNITED STATES MAGISTRATE JUDGE
*Name and Title of Judicial Officer*

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. § 801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).

- 1 -

The information and facts contained in the Pretrial Services Report concerning Defendant Keith L. McFerren are adopted and incorporated herein by reference.

Danger to the community:

Defendant is charged with three counts of Distribution of a Substance Containing 5 grams or more Cocaine Base.

The grand jury, by indicting the defendant, has found probable cause that the defendant committed offenses that trigger the rebuttable presumption under Title 18 U.S.C. § 3142(e), that if released, the defendant would present a danger to the community and a risk of flight. United States v. Payne, 660 F.Supp. 288, 291 (E.D.Mo. 1987); United States v. Hernandez, 939 F.Supp. 108 (D.P.R. 1996); United States v. Garcia, 801 F.Supp. 258, 261 (S.D. Iowa 1992). That presumption has not been rebutted.

The Indictment sets out three distributions of 5 grams or more of crack cocaine on November 30, 2004, December 1, 2004, and December 29, 2004.

Prior to his current charges, the defendant was charged and convicted of Possession of a Controlled Substance in Cole County, Missouri, stemming from an arrest on January 15, 1996. At first he received a suspended imposition of sentence and was placed on five years probation. In 2002, the probation was revoked and he was sentenced to seven years in the Missouri Department of Corrections. Execution of the sentence was suspended and he was continued on probation. On the same date he received his suspended imposition of sentence on the 1996 charge, he received a second suspended imposition of sentence for the Sale of a Controlled Substance following an arrest

in Cole County, Missouri, on March 17, 1997. He was placed on five years probation and in 2002 the probation was revoked and he was sentenced to ten years in the Missouri Department of Corrections. Again, the execution of his sentence was suspended and he was continued on probation. That probation was in effect when the sales charged in the federal indictment allegedly were made.

The defendant had a number of traffic convictions for Driving Without a License or Driving While Revoked, which took place over a span of years from 1997 through 1999, indicating some disregard for the law. In 2001, he was arrested in Cole County, Missouri, and charged with Resisting Arrest. He was sentenced to five years in the Missouri Department of Corrections and once more the execution of his sentence was suspended and he was placed on probation. This probation was in effect also at the time of the alleged federal offenses. In July, 2001, the defendant was charged in the Circuit Court of Cape Girardeau County, Missouri, with Possession of a Controlled Substance with Intent to Distribute. He was convicted in January of 2002 and execution of a ten-year sentence in the Department of Corrections was suspended.

The defendant has four felony convictions and has been placed on probation each time.

There is no question that illegal drug manufacturing and trafficking are most serious dangers to any community. Cocaine base is a strongly addictive and destructive drug. The danger of drug trafficking was specifically recognized in the Eighth Circuit case of United States v. Sazenski, 806 F.2d 846, 848 (8th Cir. 1986), in which the Court of Appeals affirmed an order detaining the defendant pending trial. Its conclusion that the defendant should be detained was explained in the following terms:

This determination is not based on any possession or use of weapons by Sazenski,

except insofar as it may relate to his revocation of probation some years ago. Instead, we recognize the congressional determination that large scale drug trafficking is a serious danger to the community and that a drug network has the ability to continue to function while one of its members awaits trial. See United States v. Portes, 786 F.2d 758, 765 (7th Cir. 1985). We further recognize that either danger to the community or risk of flight is sufficient to authorize detention. Id.; United States v. Jessup, 757 F.2d 378, 385 (1st Cir. 1985); see also United States v. Warren, 787 F.2d 1237,1238 (8th Cir. 1986).

Additionally, the defendant has been arrested but not convicted of Unlawful Use of a Weapon and Carrying a Loaded Weapon.

The defendant's probation officer is recommending revocation of his probations.

The court finds the release of the defendant on bail would involve a danger to the community.

Risk of non-appearance:

The sentence the defendant is facing, if he is convicted, would be an incentive to flee and fail to appear. The revocation of his state probations, as recommended by his probation officer, would be a further incentive to flee.

The defendant has been arrested for Failure to Appear when he was required to appear in the past.

The court finds the release of the defendant on bail would involve a risk of non-appearance.

Based on the foregoing, the court finds that no condition or combination of conditions will reasonably assure the safety of the community and the defendant's appearance as required were he to be released on bail.

In reaching its decision, the court has considered the Report of the Pretrial Services Officer

of the Eastern District of Missouri, the factors set out in Title 18 § 3142(g) and the argument of the parties.